IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DF VENTURES, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | Civ. No. 23-3126 (RBK/AMD) |
| FOFBAKERS HOLDING COMPANY LLC, *et al.*, | **ORDER** |
| Defendants. | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon Plaintiff DF Ventures, LLC's and Plaintiff Daymond John's Complaint (the "Complaint") (ECF No. 1) and oral application for a temporary restraining order (TRO) and preliminary injunction against Defendants FOFBaker Holding Company, LLC, Jabezbaker, LLC, James A. Baker, Brittani Baker, and Sabrina Baker. Following a hearing and oral argument held on the record on May 31, 2023, and for the reasons expressed on the record,

**IT IS HEREBY ORDERED** that the Court **DENIES** Plaintiffs' application for a TRO, pending the below-referenced hearing; and

**IT IS HEREBY FURTHER ORDERED** that Defendants must **SHOW CAUSE** as to why this Court should not grant Plaintiffs' application for a preliminary injunction which provides for the following equitable relief:

1. Compelling Defendants to remove all social media posts described in the Complaint related to Plaintiffs and/or their Affiliates from the websites or applications to which they were posted, including, but not limited to, Facebook, Twitter, Instagram, and TikTok.

1

2. Compelling Defendants to remove all social media posts described in the Complaint related to the LA Times story from the websites or applications to which they were posted, including, but not limited to, Facebook, Twitter, Instagram, and TikTok.

3. Prohibiting Defendants from directly or indirectly making further disparaging or defamatory remarks against Plaintiffs and/or their Affiliates or disclosing or discussing any further Confidential Information pursuant to the Operating Agreement or Settlement Agreement.

4. Prohibiting Defendants from directly or indirectly participating in interviews with media outlets related to their relationship and dealings with Plaintiffs and/or their Affiliates.

5. Prohibiting Defendants from continuing to directly or indirectly publicize, disseminate, refer to, re-post, or otherwise direct people to view the LA Times story.

6. Prohibiting Defendants from continuing with their stated plan, described in the Complaint, to host a radio or podcast show wherein they will directly or indirectly discuss their allegations against Plaintiffs and/or their Affiliates.

7. Compelling the Defendants, their family, their representatives, and any other agents acting on their behalf, directly or indirectly, to retain and preserve all evidence or documentation relevant to the matters discussed in the Complaint, including, but not limited to, communications, notes, memoranda, text messages or messages on any other messaging platform, telephone records, facsimiles, posts, videos, and email correspondence, in physical or electronic format; and

**IT IS HEREBY FURTHER ORDERED** that this Order to Show Cause is returnable **June 13, 2023**. Defendants written responses are due by **June 12, 2023, at 4:30 p.m.** The Court will then hold an evidentiary hearing on the matter on **June 13, 2023, at 9:30 a.m.** at the

**Mitchell H. Cohen Building and U.S. Courthouse, 4th and Cooper Streets, Camden, NJ 08101, Courtroom 4D**. All parties, **including the Defendants**, must appear in the courtroom at that time and date; and

    **IT IS HEREBY FURTHER ORDERED** that Plaintiffs personally serve this Order to Show Cause on Defendants immediately.


Dated: June 7, 2023                                           /s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge