**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| DF VENTURES, LLC, *et al.*, | : |
| Plaintiffs, | : |
|  | :  Civ. No. 23-3126 (RBK/AMD) |
| v. | : |
|  | :  **ORDER** |
| FOFBAKERS HOLDING COMPANY LLC, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon the joint application for temporary injunctive relief (ECF No. 21) by the Plaintiffs in the above-captioned matter as well as the Plaintiffs in the related action, *Rastelli Partners, LLC, et al. v. James A. Baker AKA Al Baker, et al.*, Civ. No. 23-2967. To provide context, we will review the relevant procedural history of these cases.

Following the filing of the Plaintiffs' Verified Complaints, the Court issued Orders to Show Cause on the Defendants as to why the Court should not issue a preliminary injunction against them to take down all their social media posts about the Plaintiffs and bar them from making similar posts in the future. (Civ. No. 23-3126, ECF No. 5; Civ. No. 23-2967, ECF No. 3). The Court also scheduled an evidentiary hearing on the matter to begin Tuesday, June 13, 2023. Following a letter submitted by Defendants, the Court ordered that it would hold the hearing virtually due to concerns for Al Baker's health. (Civ. No. 23-3126, ECF No. 16; Civ. No. 23-2967, ECF No. 12). The hearing began as planned on June 13, continued to June 14, and planned to continue again on June 15. At the end of the June 14 hearing date, the Court

1

consolidated the preliminary injunction hearing with the trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). On the morning of June 15, however, Defendants alerted the Court that Al Baker had to be rushed to the hospital, and so the Court postponed the hearing's continuation until Monday, June 26, 2023. The Court would like to take the time here to express our deepest sympathies to Mr. Baker and his family during this time and wish him well during his illness and recovery.

      We have reviewed (1) both sets of Plaintiffs' Verified Complaints with attached exhibits (for both cases, ECF No. 1); (2) the testimony of the witnesses the parties have examined so far during the evidentiary hearing, namely, the testimony of Daymond John, Lawrence H. Fox, Al Baker, Brittani Baker, and Raymond Rastelli, Jr.; and (3) all the letters and responses filed by the Defendants (Civ. No. 23-3126, ECF Nos. 7, 12–14, 22–23; Civ. No. 23-2967, ECF Nos. 7–10, 17–18). We have also reviewed the local news interview Al and Brittani Baker gave to a local Cleveland news outlet sometime during this hearing, as well as the new TikTok video Brittani Baker posted after her father was hospitalized. The Court has suggested to Defendants that they retain counsel to represent them in this matter, but Defendants have chosen to proceed *pro se* and represent themselves at this point.

      Plaintiffs' instant application requests that the Court grant temporary injunctive relief immediately restraining Defendants Brittani Baker, Al Baker, and Sabrina Baker from making "any public statements including, but not limited to, social media posts and videos concerning any Plaintiffs until the hearing continues" on Monday, June 26, 2023. (ECF No. 21 at 2). The Court wants to emphasize that its decision is based solely on the evidence we have reviewed thus far, and we of course understand and recognize that the Defendants, though they have given some testimony and submitted some writings, have not had a full opportunity to present their

case to the Court. But the Defendants' actions in this case are no mere consumer complaint about a product. They are not a diner complaining on social media about a meal they had at a restaurant. Rather, the Defendants' actions here represent a calculated and deliberate attack on the Plaintiffs' reputation and goodwill that is unusual in its vehemence and persistence. As such, based on this instant application for temporary injunctive relief and the most recent actions of Ms. Brittani Baker, namely, the local news interview and continued social media posts, the Court feels it is necessary to **GRANT** Plaintiffs' application for temporary injunctive relief and enter this temporary Order today. Pursuant to Rule 65(d)'s requirements for orders granting injunctive relief, the Court sets out as follows:

    **WHEREFORE**, Rule 65(d) provides that every "order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required"; and

    **WHEREFORE**, the Court finds that Plaintiffs have made a prima facie showing that Defendants have breached the 2019 Settlement Agreement into which the parties entered by making disparaging and negative comments about the Plaintiffs. On September 5, 2019, following mediation before the Honorable Joel Schneider, U.S.M.J., Rastelli Partners, LLC, Raymond M. Rastelli, Jr., DF Ventures, LLC, FOFBakers Holding Company, LLC, and Al Baker, as well as Rastelli Brothers, Inc., Jabezbaker, LLC, Brittani Baker, and Sabrina Baker, entered into a Settlement Agreement (Civ. No. 23-3126, ECF No. 1-3 at 2, 6). In part, that agreement stated:

> Each Party and Rastelli Brothers, Inc., Jabezbaker, LLC, Brittani Baker and Sabrina Baker forever agree not to . . . disparage and/or defame any other Party and such other Party's employees, vendors and customers, current and/or prospective, and those of any entity any such other Party operates, has control of or has any interest

> in. Each Party and Rastelli Brothers, Inc., Jabezbaker, LLC, Brittani Baker and Sabrina Baker forever agree not to make any written or verbal remarks or statements (even in the form of an opinion) about any other Party to anyone including, but not limited to, any such other Party's employees, vendors and customers, current and/or prospective, and those of any entity any such other Party operates, has control of or has any interest in, that are *in any way negative, disparaging* or false *or which could adversely impact the reputation, goodwill, credibility or value* of any such other Party or entity or *could discourage current and/or prospective customers from buying products from them*.

(*Id.* at 2–3) (emphasis added). The Court finds that Plaintiffs have made a prima facie showing that Defendants have breached this agreement by consistently and constantly posting on social media and through traditional news media negative and disparaging statements about Plaintiffs, including, but not limited to, accusations that Plaintiffs have stolen from them, are thieves, have falsified accounting, have committed crimes, and may or may not be involved with organized crime. Al and Brittani Baker's recent statements on local news and social media during this hearing demonstrate that Defendants have no intention of relenting from this targeted, calculated onslaught against Plaintiffs absent judicial relief. Defendants claim what they say is true and that the First Amendment protects them. But while truth is a defense to a defamation claim, it is not a defense to breach of contract. Plaintiffs bought peace with the Settlement Agreement when they signed it and agreed to pay Al Baker personally or Jabezbaker, LLC (which is, for all intents and purposes, the Bakers): (1) $1,500 per month for twenty-four months, (2) $1,500 per personal promotional appearance by Al Baker, and (3) at minimum $8,333.33 per month for a twelve-month period followed by royalty payments based on a percentage of gross sales, per the contemporaneous supplement to the Operating Agreement signed alongside the Settlement Agreement. (Civ. No. 23-3126, ECF No. 1-3 at 8, 15–16). Similarly, by signing this Settlement Agreement and certifying that they would not make disparaging or negative comments about Plaintiffs, Defendants gave up their First Amendment rights to make such statements. *See Great Caesars Ghost LLC v. Unachukwu*, No. 19-5408, 2020 WL 2394052, at *4 (D.N.J. May 12,

2020) (finding that, in granting injunctive relief against a defendant barring that defendant from continuing to violate a non-disparagement clause, the only harm suffered by the defendant would be that the defendant must now actually abide by the agreement's terms and that harm did not outweigh the harm the defendant was actively causing to the plaintiff's business reputation); *see also Trico Equipment, Inc. v. Manor*, No. 08-5561, 2009 WL 1687391, at *9 (D.N.J. June 15, 2009) (granting injunction and finding harm suffered by defendant "self-inflicted" because he knowingly violated terms of the agreement of which he was aware); and

**WHEREFORE**, as noted earlier, the Court has heard testimony from Al Baker and Brittani Baker during the hearing. Although we again recognize that the Bakers have not yet had the opportunity to present their case in full, we still must consider the testimony they have given thus far. Having heard the witnesses and considered their testimony, the Court finds that it does not credit Al Baker's testimony that anyone forced him to sign the 2019 Settlement Agreement. Al Baker was advised by counsel when he signed the Settlement Agreement, and he also signed it after mediation with a federal judge. Additionally, the Court finds that no rational fact finder would credit Brittani Baker's testimony that calling someone a thief or crook is in any way positive, even if the speaker believes it is true. Such characterizations are inherently and almost by definition negative; and

**WHEREFORE**, Plaintiffs have also made a prima facie showing that they have suffered severe and unusual harm to their businesses, their businesses' reputations, and their personal reputations as a result of Defendants' calculated campaign against them. Plaintiffs have made a prima facie showing severe enough that we find we could not remedy the harm they have suffered and could continue to suffer with money damages as might usually befit a breach of contract case such as this. Having reviewed all the social media posts and other communications

5

and statements Defendants have made, we find that this attack by Defendants represents no mere expression of dissatisfaction with their business relationship, but an unusual and personal attack on Plaintiffs themselves and their businesses. As such, temporary injunctive relief is necessary to prevent further potential harm to Plaintiffs until the evidentiary hearing resumes; and

**WHEREFORE**, Rule 65(c) provides that the Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The Court finds that there is no waiver of such required bond to secure temporary injunctive relief contained in any agreement between the parties. If Plaintiffs believe the Court is mistaken, they are directed to point the Court toward any agreed upon waiver.

Therefore,

**IT IS HEREBY ORDERED** that the Court **GRANTS** the application for a temporary restraining order against Defendants Al Baker, Brittani Baker, and Sabrina Baker (ECF No. 21). This Order shall issue in the above-captioned case, as well as its related case, *Rastelli Partners, LLC, et al. v. James A. Baker AKA Al Baker, et al.*, Civ. No. 23-2967. The terms of our Order are as follows: Brittani Baker, Al Baker, Sabrina Baker, their officers, agents, servants, employees, and attorneys, as well as any other persons who are in active concert or participation with Brittani Baker, Al Baker, Sabrina Baker, and their officers, agents, servants, employees, and attorneys, are hereby prohibited from:

1. Making any public comments (whether on any social media platform, through any news outlet, or by any other conceivable means), written or spoken, directly or indirectly, no matter whether any Defendant believes such comments to be true, that would violate the

terms of the 2019 Settlement Agreement, meaning any comments that may be considered to disparage or defame any Plaintiff or any current or prospective Plaintiff's employee, vendor, or customer or any entity any Plaintiff operates, has control of, or has any interest in. This also means those listed above are prohibited from making any public comments (whether on any social media platform, through any news outlet, or by any other conceivable means), written or spoken, directly or indirectly, no matter whether any Defendant believes such comments to be true, about any Plaintiff (including any current or prospective Plaintiff's employee, vendor, or customer or any entity any Plaintiff operates, has control of, or has any interest in) that may be considered in any way negative, disparaging, or false which could adversely impact the reputation, goodwill, credibility, or value of any Plaintiff or could discourage any current or prospective customers from buying products from them; and

2. Encouraging others, directly or indirectly, from making any comments (whether on any social media platform, through any news outlet, or by any other conceivable means), written or spoken, directly or indirectly, no matter whether any such person believes such comments to be true, that may be considered to disparage, defame, be in any way negative, disparaging, or false which could adversely impact the reputation, goodwill, credibility, or value of any Plaintiff or could discourage any current or prospective customers from buying products from them; and

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs shall submit to the Court a proposed amount for their bond to secure this Order for temporary injunctive relief as required by Rule 65(c), at which point the Court will adjudge whether it finds such proposed amount reasonable and proper in this case; and

**IT IS HEREBY FURTHER ORDERED** that this Order shall expire Monday, June 26, 2023 or at such sooner time as the Court deems necessary.

Dated: June 16, 2023                                                       /s/ Robert B. Kugler
                                                                                                ROBERT B. KUGLER
                                                                                                United States District Judge