# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RASTELLI PARTNERS, LLC, RASTELLI BROTHERS, INC. D/B/A RASTELLI FOODS GROUP, RAYMOND M. RASTELLI, JR. and RAYMOND RASTELLI, III, | : : : : : : | **CIVIL NO.** **1:23-CV-2967-RBK-AMD** |
| Plaintiffs, | : | |
| vs. | : : | |
| JAMES A. BAKER a/k/a AL BAKER, BRITTANI BAKER and SABRINA BAKER, | : : : : : | |
| Defendants. | : : | |
| DF VENTURES, LLC and DAYMOND JOHN, | : : | **CIVIL NO.** **1:23-CV-3126-RBK-AMD** |
| Plaintiffs, | : : | |
| vs. | : : | |
| FOFBAKERS HOLDING COMPANY, LLC, JABEZBAKER, LLC, JAMES A. BAKER a/k/a AL BAKER, *individually*, BRITTANI BO BAKER, *individually*, SABRINA BAKER, *individually*, | : : : : : : : : | |
| Defendants. | : : | |

# **MEMORANDUM OF LAW**

**GORDON REES SCULLY MANSUKHANI, LLP**
One Battery Park Plaza, 28th Floor
New York, New York 10004
Mercedes Colwin, Esq., *Pro Hac Vice*
Brittany L. Primavera, Esq.
NJ Attorney ID # 064442013
Telephone: (212) 269-5500
mcolwin@grsm.com
bprimavera@grsm.com
lblackwell@grsm.com
hkucine@grsm.com
*Attorneys for Plaintiffs,*
*DF Ventures, LLC and Daymond John*


**HYLAND LEVIN SHAPIRO LLP**
6000 Sagemore Drive | Suite 6301
Marlton, NJ  08053-3900
David R. Dahan, Esq.
NJ Attorney ID #027391997
Paige A. Joffe, Esq.
NJ Attorney ID #333972021
Telephone: (856) 355.2991
dahan@hylandlevin.com
joffe@hylandlevin.com
*Attorneys for Plaintiffs, Rastelli Partners, LLC, Rastelli Brothers, Inc. d/b/a Rastelli Foods Group, Raymond M. Rastelli, Jr. and Raymond Rastelli, III*

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF FACTS ..................................................................................... 2

III. LEGAL ANALYSIS ............................................................................................... 4

    A.    This Motion Is Timely Made ......................................................................5

    B.    Plaintiffs Are Owed Attorneys' Fees and Costs Pursuant to the Settlement Documents ...................................................................................................5

    C.    Plaintiffs' Fair Estimate of Their Reasonable Attorneys' Fees and Costs ...............7

    D.    Plaintiffs to Submit Adequate Proof & Support for the Amount of Attorneys' Fees and Costs Sought .............................................................8

IV.  CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITIES

## Cases

*Branch Banking & Trust Co. V. Paul's Gasoline Servs.*, 2020 U.S. Dist. LEXIS 117546 (D.N.J. July 2, 2020) .................................................................................................................. 6

*K.N. & J.N. ex rel. J.N. v. Gloucester City Bd. of Educ.*, No. 17-7976-NLH-SAK, 2022 U.S. Dist. LEXIS 36492, at \*26 (D.N.J. Mar. 1, 2022) ............................................................ 6

*P.G. v. Brick Twp. Bd. Of Education*, 124 F. Supp. 2d 251, 259 (D.N.J 2000) ............................. 5

*Spectrum Prod. Distribs. v. Fresh Mktg.*, 2012 U.S. Dist. Lexis 86186 (D.N.J. June 2012) ......... 5

*Vukovich v. Haifa, Inc.,* 2007 U.S. Dist. LEXIS 65393, \*16 (D.N.J. September 5, 2007) ............ 6

## Rules

Fed. R. Civ. P. 54(d)(2)(B)(i) ......................................................................................................... 5

Fed. R. Civ. P. 54(d)(2)(B)(iii) ....................................................................................................... 7

Fed. R. Civ. P. 54(d)(2)(C) ............................................................................................................. 8

## I. **INTRODUCTION**

As this Honorable Court is aware, in or about May 2023, Plaintiffs, Rastelli Partners, LLC, Rastelli Brothers, Inc. d/b/a Rastelli Foods Group, Raymond M. Rastelli, Jr. and Raymond Rastelli, III under Docket No. 1:23-CV-2967 (together, the "Rastelli Plaintiffs") and Plaintiffs, DF Ventures, LLC and Daymond John ("Mr. John") under Docket No. 1:23-CV-3126 (together, the "DJ Plaintiffs") (the Rastelli Plaintiffs and DJ Plaintiffs hereinafter collectively, the "Plaintiffs") initiated these actions against Defendants, Al Baker, Brittani Baker, Sabrina Baker, FOFBakers Holding Company, LLC and Jabezbaker LLC (collectively, the "Bakers" or the "Defendants") by way of Verified Complaints and Motions for injunctive relief. Civ.. No. 23-3126, ECF Nos. 1-3; Civ.. No. 23-2967 No. 1-3.  Plaintiffs brought this action against Defendants after Defendants breached binding contracts via their calculated campaign to irreparably harm Plaintiffs' reputations, credibility, businesses, and professional careers.

Plaintiffs submit this Memorandum of Law as part of Plaintiffs' Joint Motion for Attorneys' Fees and Costs ("Motion").  Plaintiffs, as prevailing parties in connection with securing a permanent injunction, seek to be reimbursed for all attorneys' fees and costs associated with Docket Nos. 23-3126 and 23-2967, and reserve the right to request the same under these Dockets in connection with all remaining issues and claims to be adjudicated in the future.

This Court converted the proceeding into an application and trial for a permanent injunction during the evidentiary hearing that spanned six (6) days. Civ.. No. 23-3126, ECF No. 47, p. 1; 23-2967 ECF No. 41. p. 1. On July 21, 2023, after the parties submitted their supplemental briefs, the Court entered two (2) Orders and Opinions granting Plaintiffs' application for a permanent injunction. Civ.. Nos. 23-3126, ECF Nos. 47-48; 23-2967 ECF Nos. 41-42. The Orders and Opinions ruled that the Bakers breached the terms of the binding 2019 Settlement Agreement that was entered into between Plaintiffs and the Bakers, found that Plaintiffs prevailed on their applications for a permanent injunction and granted Plaintiffs the requested injunctive relief to protect them from the Bakers' calculated attack[1].

Now, pursuant to the terms of the very Settlement Documents that the Bakers breached, Plaintiffs seek the attorneys' fees and costs to which they are entitled to, contractually, as prevailing parties.

## II. **STATEMENT OF FACTS**

Mr. John agreed to enter into a business deal with the Bakers following their appearance on *Shark Tank*, during which they presented their business selling

---

[1] The Rastelli Plaintiffs consist of Rastelli Partners LLC, Rastelli Brothers, Inc. d/b/a Rastelli Food Group, Raymond Rastelli Jr. and Raymond Rastelli III, who initiated their own action against the Bakers on or about May 31, 2023. However, based upon the commonality of the allegations made by the DJ Plaintiffs and the Rastelli Parties, this Court ordered that Plaintiffs and the Bakers participate jointly in the evidentiary hearing that spanned from June 13, 2023 to July 5, 2023.

boneless ribs. Civ.. No. 23-3126, ECF No. 39. In or around 2015, Mr. John, the Bakers, and the Rastelli Plaintiffs entered into an Operating Agreement. *Id.* However, due to an ongoing business dispute with the Bakers, the Rastelli Plaintiffs initiated suit against the Bakers in 2019. *Id.* In 2019, after mediation, during which the Bakers were represented, Plaintiffs and the Bakers, under the assistance of a Magistrate Judge, entered into a Settlement Agreement and Mutual Release, Amendment to Operating Agreement, Addendum to the Amendment to Operating Agreement and Supplement (collectively, the "Settlement Documents"). Civ.. No. 23-3126, ECF No. 1; Civ.. No. 23-2967, No. 1. This action then resulted from the Bakers' intentional breach of the Settlement Documents. The plain language of the Settlement Documents allows for attorneys' fees and costs. *Id.*

Plaintiffs contracted to reserve the **explicit right to collect attorneys' fees and costs** in the Supplement which states as follows at ¶6:

> … The prevailing party **shall be paid** its reasonable attorney fees and costs from the non-prevailing party.

Civ. No. 23-3126, ECF No. 1; Civ.. No. 23-2967, ECF No. 1. at p. 231 (emphasis added).

Further, Plaintiffs identified their right to attorneys' fees and costs, and demanded same, in their Amended Complaints. Civ.. No. 23-3126, ECF No. 1; Civ. No. 23-2967 at p. 32, ¶165; *Id.* at p. 40 at ¶¶ g, h, and i.

This Court ruled in its Opinions that the Bakers breached the 2019 Settlement

3

Agreement.  Civ. No. 23-3126, ECF No. 47, p. 12; Civ. No. 23-2967, ECF No. 41, p. 18.  The Court specified that the Bakers breached the non-disparagement clause contained in paragraph 5 of the Settlement Agreement.  Civ. No. 23-3126, ECF No. 47, p. 13-14; Civ. No. 23-2967, ECF No. 41, pp. 18-20.  The Court then explicitly held that, despite the Bakers' contentions, Plaintiffs did not violate, and fully complied with, the terms of the Operating Agreement and Settlement Documents at all times, and never breached any alleged duty they owed to the Bakers.  Civ. No. 23-3126, ECF No. 47, p. 14; Civ. No. 23-2967, ECF No. 41, pp. 20-22.  Based upon the foregoing, the Court granted temporary restraints and then a permanent injunction against the Bakers; as such, Plaintiffs were clearly the prevailing parties.  Civ. No. 23-3126, ECF Nos. 24 and 48; 23-2967, Nos. 42.

### III. <u>LEGAL ANALYSIS</u>

This motion is timely.  Rule 54(d)(2)(B) requires that a motion for attorneys' fees: (i) be filed within 14 days after the entry of a judgment; (ii) specify the grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of the amount sought; and (iv) disclose the terms of an agreement about fees if the court so orders[2].

---

[2] The Settlement Documents upon which this motion is predicated were attached as exhibits to Plaintiffs' Complaints, were introduced into evidence during the injunction proceedings and have been central pieces of evidence throughout the proceedings.  Therefore, it is respectfully submitted that the fourth factor is inapplicable.

### A. This Motion Is Timely Made

This Court entered its Opinions and Orders on July 21, 2023. Civ. No. 23-3126, ECF Nos. 47-48; 23-2967 Nos. 41-42. Pursuant to Fed. R. Civ.. P. 54(d)(2)(B)(i), the fourteen (14) days within which Plaintiffs must make this motion expires on August 4, 2023. Therefore, this motion is timely.

### B. Plaintiffs Are Owed Attorneys' Fees and Costs Pursuant to the Settlement Documents

Plaintiffs are owed attorneys' fees and costs as the prevailing party. Rule 54(d)(2)(B)(ii) requires Plaintiffs to identify the grounds on which they seek their award. Where, like here, a party has been found to have breached a contract, and that contract permits attorneys' fees and costs for that breach, the non-breaching party must be compensated.

The general rule is that a prevailing litigant may collect reasonable attorneys' fees from the non-prevailing party given that they are entitled to do so under statute, rule or contract. *Spectrum Prod. Distribs. v. Fresh Mktg.*, 2012 U.S. Dist. Lexis 86186 (D.N.J. June 2012) (Plaintiffs who obtained TRO was a prevailing party). A "[p]revailing party is one who obtains relief on a significant litigation claim where there is a causal connection between the litigation and the relief sought. *P.G. v. Brick Twp. Bd. Of Education*, 124 F. Supp. 2d 251, 259 (D.N.J 2000).

Attorneys' fees may be awarded under contract. *Branch Banking & Trust Co.*

5

*V. Paul's Gasoline Servs.*, 2020 U.S. Dist. LEXIS 117546 (D.N.J. July 2, 2020) ("awarding attorneys' fees is appropriate because the shifting of attorneys' fees here is provided for by contract"); *Vukovich v. Haifa, Inc.,* 2007 U.S. Dist. LEXIS 65393, *16 (D.N.J. September 5, 2007) (granting Plaintiff's application, holding Plaintiff may recover $216,480.00 in attorneys' fees); *K.N. & J.N. ex rel. J.N. v. Gloucester City Bd. of Educ.*, No. 17-7976-NLH-SAK, 2022 U.S. Dist. LEXIS 36492, at *26 (D.N.J. Mar. 1, 2022) (requiring Defendant to reimburse Plaintiffs for significant attorney's fees).

Here, this Court found that the Bakers breached the contract (Settlement Documents) and granted Plaintiffs' requested relief. As such, Plaintiffs are the prevailing party who are entitled to attorneys' fees and costs through contract. Civ. No. 23-3126 at ECF no. 47; Civ. No. 23-2967 at ECF no 41.

Specifically, the Supplement states:

> … The prevailing party **shall be paid** its reasonable attorney fees and costs from the non-prevailing party.

Civ. No. 23-3126, ECF No. 1, at 129; Civ. No. 23-2967, ECF No. 1. at p. 231 (emphasis added).

Since Plaintiffs are the prevailing party, and the prevailing party is entitled to attorneys' fees and costs, attorneys' fees and costs must be awarded to Plaintiffs, just as they were in the aforementioned cases.

The terms of the Settlement Documents confirm that a breaching party, such

6

as the Bakers, will be liable for attorneys' fees and costs of the non-breaching party, such as Plaintiffs. Therefore, because the Bakers breached the Settlement Documents, the Bakers are liable to Plaintiffs for attorneys' fees and costs.

### C. Plaintiffs' Fair Estimate of Their Reasonable Attorneys' Fees and Costs Because Plaintiffs Timely Made This Submission

Plaintiffs are to provide a fair estimate of its requested attorneys' fees. Fed. R. Civ. P. 54(d)(2)(B)(iii).

After heavy discounts on all attorneys' fees, The DJ Plaintiffs' fair estimate of attorneys' fees sought is approximately $90,551; the DJ Plaintiffs' fair estimate of costs are $9,971.05; See Declaration of Mercedes Colwin, Esq.; Larry Fox's fair estimate of attorneys' fees sought is approximately $69,562.50; See Declaration of Larry Fox, Esq.

The Rastelli Plaintiffs' fair estimate of attorneys' fees is approximately $250,000.00; the Rastelli Plaintiffs' fair estimate for costs are $7,400. See Declaration of David R. Dahan, Esq.

Plaintiffs reserve the right to supplement, and seek, the total amount of fees and costs incurred in these actions, including those fees and costs related to this motion and up through the complete and final adjudication of all remaining issues and claims in Plaintiffs' Complaints (including any appeals).

### D. Plaintiffs to Submit Adequate Proof & Support for the Amount of Attorneys' Fees and Costs Sought

As per Fed. R. Civ.. P. 54(d)(2)(C), the Court may decide liability for fees before receiving submissions on the value of services. Accordingly, if this motion is granted, Plaintiffs will submit Affidavits/Declarations with appropriate supporting documentation of attorneys' fees and costs incurred and a brief in support thereof showing billing rates, the number of hours billed, and the fees and costs incurred are reasonable.

### IV. **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that this Honorable Court grant Plaintiffs' motion for attorneys' fees and costs.

Dated: August 4, 2023

| **GORDON & REES** | **HYLAND LEVIN SHAPIRO LLP** |
|---|---|
| By: */s/Mercedes Colwin*___<br>Mercedes Colwin, Esq.<br>Brittany Primavera, Esq.<br>Lindsey Blackwell, Esq.<br>Hannah Kucine, Esq.<br>1 Battery Park Plaza, 28th Floor<br>New York, New York 10004<br>P: 212.269.5500<br>*Counsel for Plaintiffs DF Ventures, LLC and Daymond John* | By: */s/ David R. Dahan*<br>David R. Dahan, Esq.<br>NJ Attorney ID #027391997<br>Paige A. Joffe, Esq.<br>NJ Attorney ID #333972021<br>6000 Sagemore Drive<br>Suite 6301<br>Marlton, NJ 08053-3900<br>P: 856.355.2991<br>*Attorneys for Plaintiffs, Rastelli Partners, LLC, Rastelli Brothers, Inc. d/b/a Rastelli Foods Group, Raymond M. Rastelli, Jr. and Raymond Rastelli, III* |

8