**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RASTELLI PARTNERS, LLC, et. al.<br><br>Plaintiffs,<br><br>v.<br><br>JAMES A. BAKER, et. al.<br><br>Defendants | **Civil Action No.: 1:23-cv-02967-RBK-AMD** |
| DF VENTURES LLC, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>FOFBAKERS HOLDING COMPANY LLC, et. al.,<br><br>Defendants | **Civil Action No.: 1:23-cv-03126-RBK-AMD**<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF OPPOSITION TO THE PLAINTIFFS' MOTIONS TO DISMISS THEIR COUNTERCLAIMS** |

**BRIEF IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS**

Alexander Schachtel Esq.
101 Hudson Street, Ste. 2109
Jersey City, New Jersey 07302
(p) 201-925-0660
(f) 1201-608-6953
(e) xschachtel@gmail.com
Attorney for Defendants FOFBakers Holding Company LLC, Jabezbaker LLC, James A. Baker, Sabrina Baker & Brittani Bo Baker

1

**TABLE OF CONTENTS**

Cover Page ……………………………………………………………………………….. 1

Table of Contents ………………………………………………………………………….. 2

Table of Authorities. ……………………………………………………………………….. 3

PRELIMINARY STATEMENT …………………………….…………………………. 4

    I.    THE HEARING HELD IN THIS MATTER IN JUNE-JULY 2023 WAS LIMITED TO NARROW ISSUES RELATED TO THE PLAINTIFFS' ORDER TO SHOW CAUSE APPLICATION, THERE HAS NEVER BEEN A TRIAL OR HEARING ON THE MERITS OF THE CLAIMS RAISED IN EACH COMPLAINT ……….. 5

    II.    THE DEFENDANTS WERE NEVER SERVED WITH PROCESS IN EITHER ACTION IN THE MANNER REQUIRED BY THE FEDERAL RULES OF CIVIL PROCEDURE, THEREFORE, THEIR FILED ANSWER AND COUNTERCLAIMS WERE NOT LATE OR UNTIMELY …………………………………………… 10

    III.    CONCLUSION ……………………………………………………………. 11

## **TABLE OF AUTHORITIES**

*CASES*

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-316 (1950) ……………… 10

*COURT RULES*

Fed. R. Civ. Pro. R. 4(c)(e) ………………………………………………………………. 10

Fed R. Civ. Pro. R. 55 …………………………………………………………………. 11

## **PRELMINARY STATEMENT**

The Plaintiffs ask this court to take the position that the Defendants should be denied any semblance of due process and further that they should permanently estopped from presenting a defense to the allegations levied against them in these consolidated lawsuits. The Defendants appeared for a five-day order to show cause hearing on an application for temporary injunctive relief, without having been served with process, without having the opportunity to take any discovery, and without being given the chance to even formally respond to the allegations levied against them in the pleadings. Due to the limited subject matter of the TRO application, the Defendants were barred from exploring the merits of the broader case at the hearings and the Plaintiffs appear to desire to permanently prevent them from having such an opportunity.

The Plaintiffs' position, that the Defendants may not now assert or file an answer or counterclaims to the substantive allegations against them, is patently inequitable and does not comport with the civil rules of procedure which are meant to apply equally to all litigants, no matter how distasteful the allegations levied against them may appear. Nor does it comport with this Court's own rulings and statements of record in this action.

For the foregoing reasons, the Defendants must be provided with the chance to file an Answer and Counterclaims and to engage in the discovery process. To foreclose them from doing so would not only contravene the spirit of the court rules, it would violate their litigants rights. The permanent injunction granted in this case is broad and it restraints the Defendants from exercising constitutional rights. In light of the drastic remedy already entered in this case, it would be more inequitable to preclude the Defendants from engaging in discovery or defending the claims against them on the merits.

The instant motions to dismiss do not allege that the Defendants fail to state a claim, rather they allege that the Defendants should not be permitted to make a claim, and that is both

procedurally improper and equitable unjust. For these reasons, the Plaintiffs' motions to dismiss should be denied.

## I. THE HEARING HELD IN THIS MATTER IN JUNE-JULY 2023 WAS LIMITED TO NARROW ISSUES RELATED TO THE PLAINTIFFS' ORDER TO SHOW CAUSE APPLICATION, THERE HAS NEVER BEEN A TRIAL OR HEARING ON THE MERITS OF THE CLAIMS RAISED IN EACH COMPLAINT

Pursuant to this Court's Order dated May 31, 2023, denying the Plaintiffs' application for a temporary restraining order against the Defendants, this action was scheduled and set down for an "*evidentiary hearing*" on the order to show cause. ECF No. 3. Pursuant to the scheduling Order, a five-day evidentiary hearing was held. At all times during the hearing, Defendants were instructed that the hearing was limited to issues raised on the Order to Show Cause. To the Defendants' knowledge, the Order to Show Cause application was limited to a request for a preliminary injunction which required them to remove social media posts that they had authored which the Plaintiffs' alleged contained defamatory statements and/or violated prior confidentiality and non-disparagement agreements. Id.

The text of the Order scheduling the hearings reflects the limited issues before the Court in the context of the TRO application, which were, whether there was a basis for relief by way of Order:

*1. Prohibiting the Defendants from, directly or indirectly, publishing any negative, disparaging, or false remarks and statements in any medium (including, but not limited to, Facebook, Twitter, Instagram, TikTok, and the like) about the Plaintiffs and any of their affiliates.*
*2. Prohibiting the Defendants from all future (and planned) social media posts related to the Plaintiffs and their affiliates.*
*3. Ordering Defendants take down all social media entries, including posts, videos, and comments, related to Rastelli and any of their affiliates.*
*4. Prohibiting the Defendants from, directly or indirectly, participating in any interviews with media outlets related to the Plaintiffs and any of their affiliates.*
*5. Prohibiting the Defendants from, directly or indirectly, reposting and retweeting content related to the L.A. Times story, the Plaintiffs, and any of their affiliates.*

> *6. Compelling the Defendants to delete any and all reposts and retweets they generated from the L.A. Times story.*
> *7. Compelling the Defendants, their family, their representatives, and any other agents acting on their behalf to retain and preserve all evidence related to the foregoing matters including, but not limited to, all documents and communications (e.g., notes, memoranda, text messages, telephone records, facsimiles, posts, videos, and email correspondence) kept in any form (e.g., hard copy, electronic, etc.);*
> ECF No. 3, 5/31/23 Order.

The purported scope of the TRO hearings was addressed and reflected in the opening statements made in those proceedings by counsel for each Plaintiff. Ms. Primavera, for the DF Ventures Plaintiffs, described the issues at the hearing as follows:

"The first way in which the defendants are causing the irreparable harm to Mr. John is by posting these destructive comments across the internet…Defendants have made it clear that they have no intention of stopping these posts or taking them down, and that is why we are respectfully urging the Court to put a stop to this conduct… the defendants are causing the irreparable harm to Mr. John is by posting these destructive comments across the internet … in direct violation of the parties' 2019 settlement agreement. The non-disparagement within the settlement agreement was placed in there for a reason; to prevent this very conduct today … The plaintiff only needs to show the Court that these comments are disparaging; not that they are defamatory, that they are disparaging." Trn. Order to Show Cause Hearing, Vol. 1., Pg. 12-13, Ln. 23-25, Ln. 1-17, June 13, 2023.

"Second, defendants have circulated sensitive, confidential documents belonging to the company in violation of that 2015 operating agreement… Both Mr. John and Mr. Larry Fox, who's here today, will testify why these sensitive, confidential documents on their face must be protected against competitors, that they cannot gain direct access to, which the defendants have subjected the documents to now, to prevent this irreparable harm from continuing…" Trn. Order to Show Cause Hearing, Vol. 1., Pg. 13-14, Ln. 18-25, Ln. 1-5, June 13, 2023.

"That is why we are urging the Court to order the defendants to cease and desist from continuing to impugn Mr. John's integrity, his representation; to stop the dissemination of these documents; to prevent further irreparable harm." Trn. Order to Show Cause Hearing, Vol. 1., Pg. 14, Ln. 15-25, June 13, 2023.

Similarly, Counsel for Rastelli Plaintiffs described the scope of issues before the Court in the TRO application as follows:

"This is a case involving the defendants' violation of various written agreements they entered into while being represented by multiple lawyers by engaging in a social media campaign with a barrage of negative and disparaging false statements about Rastelli… plaintiffs, my clients, … agreed to a non-disparagement clause which clearly prohibits the defendants from making any negative, disparaging, or false statements about Rastelli… While the defendants benefitted from the terms of the settlement, the defendants now believe that they can violate the release and non-disparagement clauses and freely engage in a relentless smear campaign against Rastelli on social media." Trn. Order to Show Cause Hearing, Vol. 2., Pg. 209-214, June 14, 2023.

"The allegations made by defendants on social media fall into one or two categories. The allegations relate to claims the defendants believe they had prior to the 2019 settlement and/or clearly constitute negative and disparaging statements against Rastelli… The evidence today will show that the defendants clearly violated the non-disparagement clause they agreed to with at least four lawyers representing them and the resulting harm caused to Rastelli… Members of the public will certainly not take the time to investigate the defendants' allegations; however,

this Court, through today's proceeding, will evaluate the evidence which we firmly believe justifies immediate injunctive relief." <u>Trn. Order to Show Cause Hearing</u>, Vol. 2., Pg. 212-214, Ln. June 14, 2023.

Accordingly, Defendants and their counsel approached and participated in this hearing with the express understanding that the issues before the Court were limited essentially to whether the social media videos and posts disseminated by Defendants were made in violation of the parties' 2019 settlement agreement, which contained confidentiality and non-disparagement provisions. As the Court is aware, the Defendants' position at the hearing was that the Plaintiffs had breached the settlement agreement by failing to discharge their duties as set forth in the 2019 amended operating agreement, and thus the Defendants were justified in disregarding the contract. The Court would not allow the Defendants to explore broader issues relating to their claims that the Plaintiffs engaged in financial impropriety and had not properly accounted for sales and expenses. The Court also would not let Defendants explore their claims that Plaintiffs had breached fiduciary obligations to the joint member LLC.

In fact, when Defendants attempted to introduce evidence or explore matters related to the broader dispute, they were admonished by the Court and instructed that the hearing was limited to the issues raised in the TRO only.

The Court: "This is a general gripe session about this business relationship that has fallen apart. I'm not interested in any of that. That does not help me decide whether or not to continue, in effect, the restraints or to grant a permanent injunction prohibiting your clients from carrying on the way they've been carrying on or whether I should grant an injunction to make them take down what they've taken down. That's the only issue before me. Do they have a claim for damages? Maybe. I don't know. That's not what I'm trying now. So let's get focused, focused,

focused on the only things before the Court at this time." Trn. Order to Show Cause Hearing, Vol. 3., Pg. 506, Ln. 11-22, June 26, 2023.

Plaintiffs' claim that there was a complete resolution of the entirety of the dispute at the TRO hearing, as they argue in the present motion, is directly contradicted by the record. For these reasons, the Plaintiffs' argument that Defendants are estopped from asserting counterclaims based on the "law of the case" or as *res judicata*, should be rejected.

Although the Court did proceed to issue a permanent injunction regarding the issues which were the subject of the TRO hearing, as set forth above, those issues were limited to whether the social media posts and videos should be taken down and whether the Defendants should be barred from making any further defamatory or disparaging public communications about the Plaintiffs as per the conditions of the 2019 settlement agreement.

There were no dispositive rulings on the broader claims contained in each of the Plaintiffs' Complaints. The Rastelli Plaintiffs' Complaint contains nine causes of action against the Bakers, for (i) Breach of Fiduciary (ii) Breach of Contract (two counts), (iii) Violation of the Covenant of Good Faith and Fair Dealing, (iv) Tortious Interference (three counts) (v) Injurious Falsehood, and (vi) Defamation. Rastelli Compl. Par. 166-227.  The DF Ventures Plaintiffs' Complaints contains three counts, for (i) Breach of Contract, (ii) Breach of Fiduciary Duty, and (iii) Defamation.  DF Compl. Par. 170-204.

With the exception of the narrow issue before the Court in the TRO hearings, the Defendants have not had a chance to address or defend the merits of the broader claims set forth in each Complaint. Similarly, the Defendants have had no opportunity to conduct discovery into these claims, to conduct depositions, or to assess the proofs presented by the Plaintiffs in support

of their damages. Therefore, the Defendants should not be estopped or foreclosed from answering or contesting the substantive allegations made in each Plaintiff's pleading at this time.

II. **THE DEFENDANTS WERE NEVER SERVED WITH PROCESS IN EITHER ACTION IN THE MANNER REQUIRED BY THE FEDERAL RULES OF CIVIL PROCEDURE, THEREFORE, THEIR FILED ANSWER AND COUNTERCLAIMS WERE NOT LATE OR UNTIMELY**

The Federal Rules of Civil Procedure require that a party be personally served with a copy of the summons and complaint filed against them in the relevant proceeding. Fed. R. Civ. Pro. R. 4(c)(e). This requirement derives from constitutional due process concerns that parties are fairly apprised of the existence of a proceeding against them. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-316 (1950).

The Federal Rules authorize service upon an individual Defendant by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. Pro. R. 4(c).

Here, the Complaints allege that the Baker Defendants are citizens and/or residents of the State of Florida. Rastelli Compl. Par. 5-7, DF Ventures Compl. Par. 32-37. The DF Ventures Complaint alleges that Brittani Baker is actually a resident of Ohio, and that the business entity Defendants are domiciled in Ohio. Id. Accordingly, pursuant to the Federal Rules, personal service upon the Defendants would have had to been made by delivery of the summons and complaint to each individual Defendant or by leaving a copy of each at the individual's dwelling with someone of "suitable age and discretion."

Neither Plaintiff alleges that they completed personal service upon the Bakers individually. The Rastelli Plaintiffs claim that after sending a multitude of emails to the Bakers, and after making several unsuccessful attempts to complete service by mail and personal delivery, they served process on June 24, 2023, upon "Annabelle Smith, co-resident" who is aged 90, and allegedly resides at an address associated with the Al and Sabrina Baker which was given as 675 S. Gulfview Blvd, #1004, Clearwater Beach, FL, 33767. ECF No. 39, Ex. L. The DF Plaintiffs have never filed proofs of service of their pleadings in their companion action.

The Bakers have continued to deny that they were ever served, most recently in their filed Answer and Counterclaims dated August 22, 2023. ECF No. Countercl. Par. 10. The Bakers initially responded to each verified complaint with *pro se* letters also asserting that they were never served. ECF No. 7-9. There was no proof or certified testimony presented by the Rastelli Plaintiffs regarding the relationship between Annabelle Smith and the Defendants, so it appears the Bakers deny that she was a resident of their household and deny that they received copies of the legal documents which were served upon Smith. Accordingly, this Court should find that service was never properly completed.

Finally, looking past the service issue, neither set of Plaintiffs has filed a request for default or a request for default judgment pursuant to R. 55 to date. Fed R. Civ. Pro. R. 55. Therefore, because the Defendants filed their answer and counterclaims prior to the entry of default, those filings were timely and should not be retroactively annulled or deemed to be untimely, given the lack of prosecution and the failure of the Plaintiffs to make required filings.

### III. CONCLUSION

For the reasons set forth herein, the Plaintiffs' motions to dismiss the counterclaims should be denied and the Defendants should be permitted to defend the claims on their respective merits.

|  |  |
|---|---|
| DATED:  October 23, 2023 | By: <u>*/s/ Alexander Schachtel Esq.*</u><br>Alexander Schachtel Esq.<br>Law Office of Alexander Schachtel LLC<br>101 Hudson Street, Ste. 2109<br>Jersey City, New Jersey 07306<br>(p) 201-925-0660<br>(e) xschachtel@gmail.com<br>*Attorney for Defendants* |